```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF VIRGINIA

                  Alexandria Division

UNITED STATES,                )
                              )
                              )
         v.                   )
                              )   1:13cr287 (JCC)
                              )
YANHUA GAO,                   )
                              )
     Defendant.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Yanhua Gao's ("Defendant") Motion to Dismiss on Pre-Indictment Delay ("Motion"). [Dkt. 13.] For the reasons set forth below, the Court will deny Defendant's Motion.

## I. Background

In June 2013, a federal grand jury returned a six-count indictment charging Defendant with (1) conspiracy to commit naturalization and passport fraud, in violation of 18 U.S.C. § 371; (2) procuring naturalization documents for persons not entitled thereto, in violation of 18 U.S.C. § 1425; and (3) passport fraud, in violation of 18 U.S.C. § 1542. (Indictment [Dkt. 1] at 5-14.) The gravamen of the Government's case is that between 1996 and 2004, Defendant colluded with Robert T. Schofield, who was then a senior employee with Immigration and Naturalization Services, to obtain naturalization certificates

1

for several illegal aliens.  (Indictment at 3.)  The Government alleges that Defendant "brought Schofield approximately 8 aliens who paid him bribes of $3,000 - $20,000 each, through [Defendant], for their immigration benefits[.]"  (Indictment at 3.)

Defendant has now moved to dismiss these charges based upon the nearly ten-year delay between the alleged commission of the crimes and the indictment.  Defendant maintains that this delay "severely prejudiced [her] in building her defense." (Def.'s Mot. to Dismiss ¶ 5.)  According to Defendant, "critical witnesses and documents may [now] be unavailable" and "there is arguably much doubt cast on the ability for potential key witnesses to recall these alleged events with accuracy." (Def.'s Resp. [Dkt. 15] at 4-5 (as paginated by the Court's CM/ECF docketing system).)[1]

In response, the Government contends that Defendant has failed to establish the requisite prejudice to warrant dismissal for pre-indictment delay.  (Gov't Answer [Dkt. 14] at 4.)

---

[1] Defendant's Motion also contains allegations of vindictive prosecution. (Def.'s Resp. at 6-7.)  At oral argument, however, defense counsel withdrew this position.  The Court agrees with counsel's assessment that the factual circumstances presented here do not give rise to a claim of vindictive prosecution. *See Merica v. United States*, Civil Action No. 7:07cv00350, 2007 WL 4561298, at *5 (W.D. Va. Dec. 21, 2007) ("[T]here is no basis for either a presumption or a conclusion of prosecutorial vindictiveness, where, as here, the government merely sought to hold [defendant] accountable for the full range of his criminal conduct.").

## II. Standard of Review

The Fifth Amendment requires dismissal of an indictment where it is shown that the government's pre-indictment delay substantially prejudiced the defendant's right to a fair trial. *United States v. Garcia*, 432 F. App'x 248, 250 (4th Cir. 2011) (citations omitted). The Fourth Circuit employs a two-part test for determining whether a pre-indictment delay warrants dismissal. *United States v. McCoy*, 129 F. App'x 815, 819 (4th Cir. 2005).

"First, the defendant must show that he has suffered 'actual prejudice' from the pre-indictment delay." *McCoy*, 129 F. App'x at 819. "Prejudice is demonstrated when the defendant has been 'meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected.'" *Id.* (citation omitted). The Fourth Circuit has emphasized that the burden to show actual prejudice is heavy. *Jones v. Angelone,* 94 F.3d 900, 907-08 (4th Cir. 1996).

Second, if actual prejudice is shown, the court must then balance the demonstrated prejudice against the government's purported need for the delay. *Howell v. Baker*, 904 F.2d 889, 895 (4th Cir. 1990). The basic inquiry then becomes whether the government's action in prosecuting after substantial delay violates "fundamental conceptions of justice" or "the

3

community's sense of fair play and decency." *United States v. Lovasco*, 431 U.S. 783, 790 (1977).

### III. Analysis

The parties do not dispute that a significant pre-indictment delay is present in this case. By all accounts, the alleged criminal conduct occurred between 1996 and 2004, while the indictment arose nearly ten years later. (Def.'s Mot. to Dismiss ¶¶ 2-4.) Nevertheless, Defendant has failed to establish any resulting prejudice. *See United States v. Antoni*, No. 3:06-CR-00011, 2006 WL 4681138, at *1 (W.D. Va. Oct. 30, 2006) ("In cases of excessive preindictment delay, 'the burden [is] on the defendant to prove actual prejudice.'" (citation omitted)).

Defendant's papers contain only broad and indefinite assertions of prejudice due to the loss of unidentified witnesses and documents. (Def.'s Resp. at 4-5.) Defense counsel's oral argument similarly failed to provide any detail regarding their claim of prejudice. It is well settled that such "[v]ague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient to constitute a showing of actual prejudice stemming from preindictment delay." *Jones*, 94 F.3d at 909 (citation omitted); *see also United States v. Lynch*, 56 F.3d 62, 62 (4th Cir. 1995) (per curiam) ("'Actual prejudice cannot be

4

proven through generalized claims of memory loss.'" (quoting *United States v. Scott,* 795 F.2d 1245, 1249 (5th Cir. 1986))); *United States v. Naserkhaki*, 713 F. Supp. 190, 193 (E.D. Va. 1989) (noting that "broad and vague assertions" are insufficient to demonstrate prejudice); *United States v. Sample*, 565 F. Supp. 1166, 1180 (E.D. Va. 1983) ("[I]t is not enough to assert that potential witnesses have been lost.  A defendant must identify the witnesses, relate the substance of their testimony and efforts made to locate them." (citation omitted)).

Given Defendant has failed to carry her burden of establishing actual prejudice, her Motion must be denied.  *See United States v. Beason*, 128 F. App'x 974, 975 (4th Cir. 2005) (upholding district court's denial of defendant's motion to dismiss where he "failed to demonstrate any actual prejudice").

**IV. Conclusion**

For the foregoing reasons, the Court will deny Defendant's Motion.  An appropriate order will issue.

|  | /s/ |
|---|---|
| October 1, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |